UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDY NORRIS and NICK NORRIS, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-3982 |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| | § | |
| *Defendant*. | § | |

**ORDER OF REMAND**

Pending before the court is plaintiffs Brandy Norris and Nick Norris's ("Plaintiffs") motion for remand. Dkt. 9. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion for remand should be GRANTED.

A party may remove an action to federal court in instances where the court would have original jurisdiction over the case. 28 U.S.C. § 1441. Allstate contends that this court has original jurisdiction over claims involving the administration and handling of claims under a Standard Flood Insurance Policy ("SFIP") issued through the United States Government's National Flood Insurance Program ("NFIP") and the National Flood Insurance Act of 1968. Dkt. 12.

Federal jurisdiction exists in "all disputes arising from the handling of any claim" made pursuant to an SFIP. *Jianhua Ling v. Farmers Ins. Grp.*, No. H-16-2961, 2017 WL 451222, at *4 (S.D. Tex. Feb. 2, 2017) (Harmon, J.) (quoting 44 C.F.R. Part 61, App. A(1) art. IX). Here, however, Plaintiffs' case does not involve the handling of a claim under an SFIP. As this court has acknowledged:

> The Fifth Circuit has continued to distinguish between claims for policy handling, which have "traditionally been considered subject to federal jurisdiction" and which are reimbursed by the United States

> Treasury, and "claims for policy procurement, which have not" been considered subject to federal jurisdiction and which [SFIP-issuing insurance companies] must defend on their own.

*Jianhua Ling*, 2017 WL 451222, at *4 (quoting *Seruntine v. State Farm Fire & Cas.*, 444 F. Supp. 2d 698, 701–02 (E.D. La. 2006)). To determine whether a claim is for policy handling or policy procurement, the court looks to "the status of the insured at the time of the interaction between the parties." *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012). If the plaintiff is "already covered and in the midst of a non-lapsed insurance policy," the claim relates to policy handling and is within federal jurisdiction. *Id.*; *see also Chaudhary v. Chubb & Son*, No. H-18-2179, 2018 WL 4680563, at *4 (S.D. Tex. Sept. 28, 2018) (Rosenthal, J.) (reiterating that the distinction between policy handling and policy procurement is jurisdictional). However, if the plaintiff's coverage has lapsed, the plaintiff's claim falls into the policy procurement category and is outside federal jurisdiction. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 756 (5th Cir. 2009); *Jianhua Ling*, 2017 WL 451222, at *4.

Here, at the time of the complained-of interaction between Plaintiffs and Allstate, Plaintiffs' policy had lapsed and Plaintiffs were uninsured. Dkt. 1-1 at 3–4. The fact that Plaintiffs previously held a SFIP with Allstate is immaterial; once Plaintiffs' policy lapsed, Plaintiffs' "only relationship with Allstate was that of both a *former* and a *potential future* policyholder." *Campo*, 562 F.3d at 756 (emphasis in original). Thus, under controlling Fifth Circuit precedent, Plaintiffs' case is a policy procurement claim instead of a policy handling claim, and this court does not have jurisdiction.

Plaintiffs' motion for remand (Dkt. 9) is GRANTED. Plaintiffs' request for attorney's fees is GRANTED IN PART and the court awards Plaintiffs $2,000. The case is REMANDED to the 333rd Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on December 17, 2018.

_____
Gray H. Miller
United States District Judge